## Wilson Creek Cons. Min. & Mill. Co. v. Independence Town & Min. Co. et al.

*District Court of Teller County, March 5, 1900.*

Charles J. Hughes, Jr., Finn & Engley and Tyson S. Dines, for plaintiff, made the following points and presented the following authorities on the said hearing for the temporary injunction:

1. That rights given by location of a mining lode are a grant. U. S. Rev. St. § 2322, Gwillan v. Donnellan, 115 U. S. 45, 15 Mor. M. R. 482; Belk v. Meagher, 104 U. S. 284; Forbes v. Gracey, 94 U. S. 767; McFeters v. Pierson, 15 Colo. 201; Harris v. Equator, 8 Fed. 863, 12 Mor. M. R. 178; Merritt v. Judd, 14 Cal. 59, 6 Mor. M. R. 62; Keeler v. Trueman, 15 Colo. 143; Chambers v. Harrington, 111 U. S. 350; Lindley, Mines, §§ 534, 535, 542; Seymour v. Fisher, 16 Colo. 188.

2. That location is a severance from the public lands. Lindley, Mines, § 80; Black v. Elkhorn Min. Co., 163 U. S. 445.

3. That a placer patent divests nothing from lode claims already vested. U. S. Rev. St. § 2333; Lindley, Mines, § 413; Clary v. Hazlitt, 67 Cal. 286, and see Mantle v. Noyes (Mont.), 5 Pac. 856; Noyes v. Mantle, 127 U. S. 358.

4. That a located lode claim is one known to exist within intent of statute, excepting it from placer patent. Noyes v. Mantle, 127 U. S. 358.

5. That being excepted by express statute, no adverse was necessary. Noyes v. Mantle, supra, and Mantle v. Noyes, 5 Mont. 274, 5 Pac. 856.

6. That a rightful location conveys knowledge not only of the vein, but of all rightfully included territory and all veins therein. Noyes v. Mantle, supra; Lindley, Mines, § 415; Pike's Peak lode claim, 10 L. D. 203; South Star lode, 20 L. D. 204; Iron-Silver Min. Co. v. the Mike and Starr M. Co., 143 U. S. 394, 430.

Wolcott & Vaile, B. F. Montgomery and Blackmer & McAllister, at said hearing for defendants, contended:

1. That the evidence had not shown the "Minnie Bell" discovery, or discovery shaft, sunk to ten feet in depth prior to the location of the "Hull City Placer," January, 1893, or prior to application for patent therefor, May 20, 1893, and commented at length concerning the same upon the case of Noyes v. Mantle, and the Wilson Creek Cons. Min. & Mill. Co. v. Montgomery, 23 L. D. 476.

2. That what is excepted from a placer patent is a "known

lode" within its boundaries, and not a "lode claim." U. S. Rev. St. § 2333; Reynolds v. Iron-Silver Min. Co., 116 U. S., 687.

3. That U. S. Rev. St. § 2326 does not limit adverses to adversing lodes, but where discovery is made outside the placer limits the lode must adverse placer application for patent. Dahl v. Raunheim, 132 U. S., 260.

4. That the exclusion from a placer patent is of a vein *known* to exist within the boundaries of the placer at the time patent is applied for, not of veins claimed to exist. Reynolds v. Iron-Silver Min. Co., 116 U. S., 687; same case, second appeal, 124 U. S., 374; United States v. Iron-Silver Min. Co., 128 U. S., 673; Dahl v. Raunheim, *supra;* compare, too, Raunheim v. Dahl (Mont.), 9 Pac., 892.

5. That to be excluded from a placer patent, the vein must be shown to have been known at time of application to be valuable, etc. Montana Cent. Ry. Co. v. Migeon, 68 Fed., 811; Migeon v. Montana Cent. Ry. Co., 77 Fed., 249; Casey v. Thievage (Mont.), 48 Pac., 394; United States v. Iron-Silver Min. Co., *supra.*

6. That right to injunction (temporary) has been lost by laches. 1 High, Injunctions, §§ 731, 732; Real Del Monte Cons. G. & S. Min. Co. v. Pond Gold & Silver Min. Co., 23 Cal., 82, 7 Mor. M. R., 452; Birmingham Canal Co. v. Lloyd, 18 Vesey, Jr., 515, 8 Mor. M. R., 166; 10 Am. and Eng. Enc. L., 802.

Thereafter, the temporary writ was granted, without prejudice.

The final hearing was had before the court, the Hon. M. S. Bailey, judge of the Eleventh Judicial District, presiding, at which time the plaintiff presented the same authorities as those given above, on the preliminary hearing, and defendants, by their attorneys, presented the following additional points and authorities:

1. A failure to adverse, as between conflicting mining claims, is a waiver of priority, and a patent for one of the conflicting claims adjudicates priority to the patentee. 2 Lindley on Mines, § 742, 783; Gwillim v. Donnellan, 115 U. S., 45, 50; Girard v. Carson, 22 Colo. 345, 347; Lee v. Stahl, 9 Colo. 208, 211; Seymour v. Fisher, 16 Colo. 188, 193; Kannaugh v. Quartette Mining Co., 16 Colo. 341, 346; the Eureka case, 4 Sawyer, 302, 318; Hamilton v. So. Nev., etc., Mg. Co., 13 Sawyer, 113, 116; Wight v. Dubois, 21 Fed 693, 695.

2. The statute relating to adverses applies to conflicts be-

tween mining claims of any character, for "land claimed and located for valuable deposits," and necessarily relates to conflicts between placers and lodes. U. S. Rev. St., §§ 2325, 2329; Raunheim v. Dahl, 6 Mont., 167; Talbott v. King, 6 Mont. 76, 102; Dahl v. Raunheim, 132 U. S., 260; Warren Millsite v. Copper Prince, 1 L. D. 555, 556; Gustavus Hagland, 1 L. D. 591, 592; White et al. v. Tabor et al., 2 L. D. 738, 740; Brannigan v. Dulaney, 2 L. D. 744, 749; Snowflake Lode, 4 L. D., 30; Petit v. Buffalo, &c., Mining Co., 9 L. D. 563, 565; Cripple Creek G. M. Co. v. Mt. Rosa, etc., M. & L. Co., 26 L. D. 622; and especially Cape May M. & L. Co. v. Wallace, 27 L. D. 676.

3. The duty of adversing does not turn upon the dates of location of the conflicting claims. Mantle v. Noyes, 5 Mont. 274; Noyes v. Mantle, 127 U. S. 348; Cape May M. & L. Co. v. Wallace, 27 L. D. 676. U. S. Rev. Stats., § 2325.

4. The prior "segregation" of a lode claim, which will relieve from the necessity of adversing an application for placer patent, is confined to a "segregation" based upon a lode discovered within the placer. Mantle v. Noyes, 5 Mont. 274; Noyes v. Mantle, 127 U. S. 348; Raunheim v. Dahl, 6 Mont. 167, 169; Dahl v. Raunheim, 132 U. S. 260; U. S. Rev. Stats., § 2333.

5. The first half of § 2333 refers to the method of acquiring a lode claim, within the placer, by the placer claimant. The second half is divisible into two alternative parts, as follows:

(1) "Where a *vein or lode*, such as is described in § 2320, is known to exist *within the boundaries of a placer claim*, an application for a patent for such placer claim, which does not include an application for the vein or lode claim, shall be construed as a conclusive declaration that the claimant of the placer claim has no right of possession of the vein or lode claim;"

(2) "But where the existence of a *vein or lode* in a placer claim is not known, a patent for the placer claim shall convey all valuable mineral and other deposits within the boundaries thereof."

The first clause quoted refers to a case where a vein or lode is known to exist within the boundaries of a placer. The second applies where no vein or lode is known to exist within those boundaries. U. S. Rev. Stats., § 2333; Morrison's Mining Rights (9th Ed.), p. 427.

6. The statutory requirements as to discovery shaft. 2 Mills Ann. Stats., § 3152; Morrison's Mining Rights (9th Ed.), 24.

7. If the point of *discovery* is subsequently patented to another, this defeats the title which rests on such discovery. Gwil-

lim v. Donnellan, 115 U. S. 45, 50; Armstrong v. Lower, 6 Colo. 397; Girard v. Carson, 22 Colo. 347; Miller v. Girard, 3 Colo. App. 279.

8. A mining claim does not appropriate a greater length on either side of the discovery shaft than is *claimed* by the certificate of location, wherever stakes may be set. 2 Mills Ann. Stats., §§ 3150, 3151; Hanswirth v. Butehes, 4 Mont. 299, 307.

9. A "known lode," to be excluded from a patented placer, must have commercial value at the time of application for placer patent. Montana Central Ry. v. Migeon, 66 Fed. 811; Migeon v. Mont. Central Ry., 77 Fed. 249; Casey v. Thievage (Mont), 48 Pac. 394.

10. No presumption of law or fact carries knowledge of the existence of a lode any further than the end line of a claim then located upon it. U. S. Rev. Stats. § 2320; Armstrong v. Lower et al., 6 Colo. 581, 585.

11. The law expressly recognizes the right of exclusion of a known lode within the original placer limits, to the extent of a lode claim located upon such lode. The existence of such excluded lode cannot, therefore, affect the residue of the placer conveyed by the placer patent. U. S. Rev. Stats., § 2333.

12. The previous location of the Climax lode, and its abandonment, and the location by the same party of the placer claim do not affect the present rights under the placer patent. United States v. Iron-Silver Mining Co., 128 U. S. 673.

---

BAILEY, J.

This cause having heretofore been filed to the court without a jury, a jury having been, in open court by the respective parties hereto acting by, or through, their several record attorneys, expressly waived; the plaintiff, the Wilson Creek Consolidated Mining and Milling Company, a corporation, appearing by its said record attorneys, Charles J. Hughes, Jr., Esq., Tyson S. Dines, Esq., and Messrs. Finn and Engley, and the defendants, the Independence Town and Mining Company, a corporation, John L. Russell, John Tompkins and Gus Hill by their said record attorneys, Messrs. Wolcott & Vaile, Messrs. Blacknier & McAllister and Benjamin F. Montgomery, Esq., and taken under advisement, comes on now again on this day for the findings and final judgment and decree of the court upon the proofs heretofore taken, the pleadings in the cause and the arguments of counsel, all parties appearing as before by their respective at-

torneys and the court being now well and fully advised in the premises finds the issues herein joined in favor of the said defendant, and against the said plaintiff, and that said plaintiff is not entitled under the issues and proofs herein to the relief prayed or to any relief either in law or equity in this cause; and the court further specially finds herein as follows:

First—At the date of the application of the said defendant company to wit: On May 20, A. D. 1893, for entry to it by the United States of the "Hull City Placer" as a placer mining claim, the "Minnie Bell" mining claim was a valid and subsisting lode mining claim, and prior in time as to location to the said "Hull City Placer" claim, and a portion of surface ground was then and there in conflict with the said "Hull City Placer."

Second—That at said date, in the ground in conflict between the "Hull City Placer" claim and the said "Minnie Bell" lode as shown, both in the original location of said "Minnie Bell" lode, and as well by and in the final plat of survey and last location certificate thereof, there was no known, discovered or disclosed vein or lode of mineral rock in place; and, in the ground in conflict, as aforesaid, between the two said locations no vein, or lode or mineral rock in place has ever been disclosed in the Little Effie tunnel mentioned and referred to in the testimony upon the trial in this cause.

Third—That the vein or lode upon which the discovery of the "Minnie Bell" claim was made at said point of discovery, is approximately 100 feet distant from and without the surface boundaries of the said "Hull City Placer" claim, and if the law assumes said lode or vein extend through the claim on its strike, substantially parallel to the side lines thereof, then it never will enter the surface boundaries of the "Hull City Placer," and the development work done upon said vein or lode at and near the point of discovery thereon, though meager, indicates that said vein or lode does substantially so extend.

Fourth—That as a matter of law, and the court rests the decision of this case upon this point alone, the plaintiff company, by its admitted failure to adverse the application of the defendant company for entry of the "Hull City Placer" claim, in view of the fact that there was at the date of said application no known or discovered vein or lode at any point within the ground in conflict between these two claims as they have been finally surveyed for patent, and, as originally located,—waived and abandoned any and all rights to such conflicting ground and to every part, portion and parcel thereof, and now has no right, title, claim or interest in or thereto.

Fifth—The proofs offered by the defendants as to the various rulings of the United States land department upon the several contests between the parties hereto, and others affecting the property herein concerned, have all been rejected by the court in the consideration and determination of this case as immaterial and irrelevant.

Sixth—That the injunction heretofore issued in this court should be dissolved.

Wherefore, it is ordered, adjudged and decreed by the court that the temporary injunction heretofore issued in this case be, and the same hereby is vacated, dissolved and for naught held, and it is further ordered, adjudged and decreed by the court that the plaintiffs herein take nothing by its said suit, and that this cause be, and the same is hereby dismissed out of court.

It is further considered by the court that the said defendants have and recover of and from the plaintiffs herein their costs in this behalf laid out and expended to be taxed, and that they have execution therefor.